UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER JOSHUA LABRECK　　　　　　：
　　　　　　　　　　　　　　　　　：
　　　　Plaintiff,　　　　　　　　：
　　　　　　　　　　　　　　　　　：
v.　　　　　　　　　　　　　　　　：CASE NO. 8:16-CV-2918-T-23TGW
　　　　　　　　　　　　　　　　　：
BAYVIEW LOAN SERVICING,　　　　　：
　　　　Defendant.　　　　　　　　：
_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's complaint and request to proceed *in forma pauperis*. Because the plaintiff fails to show that the Middle District of Florida is an appropriate venue for this lawsuit, I recommend that the case be dismissed, without prejudice to the plaintiff filing it in a proper venue.

The plaintiff, a resident of Michigan, contends that the defendant violated the Federal Fair Reporting Act. The plaintiff alleges that "Venue is proper as Defendant's primary place of business is located in: Coral Gables, Florida, which is the Middle District of Florida" (Doc. 1, ¶2). He states further that the defendant's address of record is 4425 Ponce De Leon Blvd., Coral Gables, FL 33146-1837 (id., ¶3). The plaintiff is mistaken that Coral

Gables is in the Middle District of Florida. Coral Gables is near Miami, in the Southern District of Florida. Therefore, based on the complaint allegations, this lawsuit is not filed in the proper venue. See 28 U.S.C. 1391(b)(1), (2)(Venue is proper within a judicial district in which any defendant resides ... [or] where a substantial part of the events or omissions giving rise to the claim or substantial part of the property is situated).

In an Order dated October 19, 2016, the plaintiff was informed about the apparent venue error, and was given 15 days to file a memorandum showing that venue is proper (Doc. 4). See Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc., 432 F.3d 1343, 1345-56 (11th Cir. 2005)(A court has the authority to raise the issue of defective venue on its own motion.). Further, the plaintiff was advised that, if he does not submit a memorandum on this issue, it will be recommended that the complaint be dismissed without prejudice to the plaintiff filing his complaint in the Southern District of Florida. Twenty-five days have passed since the entry of that Order, and the plaintiff has not filed any explanation for finding venue appropriate in this district.

I therefore recommend that the plaintiff's complaint be dismissed, without prejudice to filing another complaint in the appropriate

venue, and the case closed. See <u>Algodonera De Las Cabezas, S.A.</u> v. <u>American Suisse Capital, Inc.</u>, <u>supra</u>, 432 F.3d at 1345-56 (A court may dismiss a lawsuit <u>sua sponte</u> for improper venue after giving the parties an opportunity to be heard).

Respectfully submitted,

/s/ Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER 15, 2016

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that part's right to challenge on appeal any unobjected-to-factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.